1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT
9            FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   ANTHONY GREEN,                        No. C 08-2729 TEH (PR)
12              Plaintiff,
13         v.                          SECOND ORDER OF SERVICE
14   DR. CHARLES LEE, DR. MACK, DR.
     ROBERT BOWMAN, D. TYLER, R.
15   RODRIGUEZ, L. TURNER, R. SPRIGGS,
     et. al.,
16
                Defendant(s).
17
     _____/
18
19                              I
20        On September 10, 2008, Plaintiff, a prisoner of the State
21   of California currently incarcerated at Kern Valley State Prison in
22   Delano, California, filed a pro se civil rights complaint under 42
23   U.S.C. § 1983 alleging deliberate indifference to his serious
24   medical needs by Defendants while he was incarcerated at Salinas
25   Valley State Prison ("SVSP").  Doc. #5.  Per order filed October 10,
26   2008, the Court found that, liberally construed, Plaintiff's
27   allegations that Defendants Spriggs, Rodriguez, Mack, Turner, Tyler,
28   Bowman and Lee denied him medical care for his injuries and pain

1 | state cognizable claims under § 1983 for deliberate indifference to
2 | serious medical needs and ordered the United States Marshal to
3 | effectuate service.   Doc. #7.

4 | It recently came to the Court's attention that the United
5 | States Marshal inadvertently directed service on Defendants, who are
6 | employed at S.V.S.P. (Plaintiff's former place of incarceration), to
7 | Kern Valley State Prison, (Plaintiff's current place of
8 | incarceration), and that for this reason, as of April 17, 2009, the
9 | Court had not received acknowledgment that service had been
10 | effectuated.   See Doc. ## 12-18.

11 |

12 | II

13 | For the foregoing reasons and for good cause shown:

14 | 1.   The Clerk shall issue summons and the United States
15 | Marshal shall serve, without prepayment of fees, copies of the
16 | Complaint in this matter, all attachments thereto, and copies of
17 | this Order on S.V.S.P. officials Dr. Charles Lee; Dr. Mack; Dr.
18 | Robert Bowman; D. Tyler, R. Rodriguez, L. Turner, R.N., R. Spriggs,
19 | Physical Therapist, at the following address:

20 |

21 | Salinas Valley State Prison
22 | 31625 Highway 101
23 | P. O. Box 1020
24 | Soledad, CA   93960-1020

25 |

26 | The Clerk also shall serve a copy of this Order on Plaintiff.

27 |

28 | 2

1          2.    In order to expedite the resolution of this case, the
2    Court orders as follows:

3               a.    No later than 90 days from the date of this
4    Order, Defendants shall file a Motion for Summary Judgment or other
5    dispositive motion.  A Motion for Summary Judgment shall be
6    supported by adequate factual documentation and shall conform in all
7    respects to Federal Rule of Civil Procedure 56, and shall include as
8    exhibits all records and incident reports stemming from the events
9    at issue.  If Defendants are of the opinion that this case cannot be
10   resolved by summary judgment or other dispositive motion, they shall
11   so inform the Court prior to the date their motion is due.  All
12   papers filed with the Court shall be served promptly on Plaintiff.

13              b.    Plaintiff's Opposition to the dispositive motion
14   shall be filed with the Court and served upon Defendants no later
15   than 30 days after Defendants serve Plaintiff with the motion.

16              c.    Plaintiff is advised that a Motion for Summary
17   Judgment under Rule 56 of the Federal Rules of Civil Procedure will,
18   if granted, end your case.  Rule 56 tells you what you must do in
19   order to oppose a Motion for Summary Judgment.  Generally, summary
20   judgment must be granted when there is no genuine issue of material
21   fact - that is, if there is no real dispute about any fact that
22   would affect the result of your case, the party who asked for
23   summary judgment is entitled to judgment as a matter of law, which
24   will end your case.  When a party you are suing makes a motion for
25   summary judgment that is properly supported by declarations (or
26   other sworn testimony), you cannot simply rely on what your

27

28                                    3

1    Complaint says.   Instead, you must set out specific facts in
2    declarations, depositions, answers to interrogatories, or
3    authenticated documents, as provided in Rule 56(e), that contradict
4    the facts shown in Defendants' declarations and documents and show
5    that there is a genuine issue of material fact for trial.   If you do
6    not submit your own evidence in opposition, summary judgment, if
7    appropriate, may be entered against you.   If summary judgment is
8    granted, your case will be dismissed and there will be no trial.
9    Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App
10   A).

11          Plaintiff also is advised that a Motion to Dismiss for
12   failure to exhaust administrative remedies under 42 U.S.C. §
13   1997e(a) will, if granted, end your case, albeit without prejudice.
14   You must "develop a record" and present it in your Opposition in
15   order to dispute any "factual record" presented by the Defendants in
16   their Motion to Dismiss.   Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14
17   (9th Cir. 2003).

18          d.   Defendants shall file a Reply Brief within 15
19   days of the date on which Plaintiff serves them with the Opposition.
20          e.   The motion shall be deemed submitted as of the
21   date the Reply Brief is due.   No hearing will be held on the motion
22   unless the Court so orders at a later date.

23          3.   Discovery may be taken in accordance with the Federal
24   Rules of Civil Procedure.   No further court order is required before
25   the parties may conduct discovery.

26          4.   All communications by Plaintiff with the Court must
27
28                                    4

1  be served on Defendants, or Defendants' counsel once counsel has
2  been designated, by mailing a true copy of the document to
3  Defendants or Defendants' counsel.

4          5.    It is Plaintiff's responsibility to prosecute this
5  case.   Plaintiff must keep the Court and all parties informed of any
6  change of address and must comply with the Court's orders in a
7  timely fashion.   Failure to do so may result in the dismissal of
8  this action pursuant to Federal Rule of Civil Procedure 41(b).

11          IT IS SO ORDERED.

13  DATED _____4/24/09_____          _____
                                          THELTON E. HENDERSON
14                                        United States District Judge

26  G:\PRO-SE\TEH\CR.08\Green-08-2729-order of RE-service.wpd