IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY EARL GREEN,

            Plaintiff,

v.

CHARLES LEE, et al.,

            Defendants.

NO. C08-2729 TEH

ORDER PROVISIONALLY GRANTING PLAINTIFF'S REQUEST FOR CONTINUANCE

This matter comes before the Court on Defendants' motion for summary judgment. Plaintiff's timely opposition included a declaration by Plaintiff stating that his imprisonment has impeded his ability to conduct discovery and requesting additional time, following his release on parole, to obtain evidence in support of his claims. This Court interprets Plaintiff's declaration as a request for continuance under Federal Rule of Civil Procedure 56(d). As explained below, Plaintiff's declaration does not satisfy the requirements of this rule, but the Court provisionally GRANTS a continuance so that Plaintiff has an opportunity to make the required showing.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Anthony Green, who is now on parole, alleges under 42 U.S.C. § 1983 that various officials were deliberately indifferent to his serious medical needs while he was an inmate at Salinas Valley State Prison ("SVSP"). Plaintiff was diagnosed with carpal tunnel syndrome ("CTS") in 2004 while an inmate at Centinela Prison. He was subsequently transferred to SVSP and referred to an outside physician at Natividad Medical Center ("NMC") for electromyography ("EMG") and a nerve conduction study ("NCS"). These tests were completed in December 2006, and the NMC physician recommended medication, wrist splints, physical therapy, and possible surgery.

1    Beginning in January 2007, Plaintiff began seeing various medical personnel for
2 physical therapy at SVSP in connection with his CTS. Plaintiff eventually received wrist
3 supports, which he contends were ineffective. Another round of EMG and NCS tests was
4 conducted at NMC in September 2007, and the administering physician recommended
5 surgical evaluation and continued use of wrist braces. The plastic inserts in these braces
6 were removed by prison custodial staff, after which Plaintiff filed an inmate appeal on
7 September 18, 2007. As Plaintiff pursued his appeal, he was seen at various times by prison
8 health staff for his CTS and other health concerns. Plaintiff's inmate appeal was granted in
9 part as to his request for Ace bandages, and he was granted an expedited appointment with a
10 hand surgeon.

11    Before Plaintiff received any orthotics or attended any surgery appointments, he was
12 transferred to California State Prison-Corcoran in January 2008 to serve an 11-month term in
13 a security housing unit there. Plaintiff eventually had surgery in late 2008 on his right wrist
14 and early 2009 on his left wrist.

15    Plaintiff's complaint alleges that Defendants, all of whom are on the medical staff at
16 SVSP, were deliberately indifferent to his CTS-related medical needs and thus violated his
17 Eighth Amendment rights. On December 14, 2010, Defendants moved for summary
18 judgment. Plaintiff opposed the motion and also filed a declaration indicating that he
19 required more time to conduct discovery due to his recent parole and the greater access to
20 telephone and email that this has allowed him. This Court construes Plaintiff's declaration as
21 a request for continuance under Federal Rule of Civil Procedure 56(d).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 56(d) provides that if a party opposing summary judgment demonstrates a need for further discovery in order to obtain facts essential to justify the party's opposition, the court may deny the motion for summary judgment or continue the hearing to allow for such discovery. Fed. R. Civ. P. 56(d); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998). In making a Rule 56(d) motion, a party opposing

summary judgment must make clear "what information is sought and how it would preclude summary judgment." *Id.* at 853-54 (district court correctly denied motion for continuance under Rule 56(f)[1] where plaintiff did not provide any basis or factual support for his assertions that further discovery would lead to the facts and testimony he described, and his assertions appeared based on nothing more than "wild speculation"); *see also*, *e.g.*, *Nicholas v. Wallenstein*, 266 F.3d 1083, 1088-89 (9th Cir. 2001) (district court did not abuse its discretion in denying motion for continuance under Rule 56(f) where plaintiffs had already conducted a large amount of informal discovery and where they did not make clear what information was sought and how it would preclude summary judgment).

"[S]ummary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs." *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004). In such cases, "summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be fruitless with respect to the proof of a viable claim." *Id.* (internal quotation marks and citation omitted).

**DISCUSSION**

Defendants argue that Plaintiff's declaration is not sufficient to constitute a request for a continuance and that Plaintiff has not shown that evidence supporting his claim exists or that it would preclude summary judgment. Plaintiff's declaration explains that it has been "impossible" for him to "obtain declarations in [his] favor, nor obtain statements in defense of [his] claim, due to [his] incarceration." Green Decl. at 1, ECF No. 50. Plaintiff seeks "declarations" and "statements" from neurologists who ran EMG tests on him from August 2006 to August 2007, and from "specialists" who ran NCS tests on him from August 2006 until June 2009. *Id.* None of these persons has responded to his inquiries. *Id.* Plaintiff claims that, as of his February 2011 parole, he will have access to email and a phone that is not "'collect call only.'" *Id.* at 1-2.

---

[1] Former Federal Rule of Civil Procedure 56(f) was amended in 2010. It is now set forth in Rule 56(d).

3

A party asking for more time to conduct discovery to oppose summary judgment bears the burden of demonstrating that the evidence sought actually exists. *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1990). Plaintiff has submitted reports from the NMC physician who conducted the EMG and NCS tests. These reports show that Plaintiff was seen by an outside physician, and that an evidentiary source, aside from the opinions proffered by Defendants, exists for medical opinion on Plaintiff's claims. However, this alone is not sufficient to grant a continuance under Rule 56(d), and Plaintiff must still identify specific facts he hopes will be demonstrated by the evidence he seeks and explain how that information would prevent summary judgment. *Tatum v. San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

Because the Court is not convinced at this time that any discovery would be "fruitless," *Jones*, 393 F.3d at 930, Plaintiff's request for continuance is provisionally GRANTED to allow Plaintiff time to submit a supplemental declaration explaining what he expects the evidence will demonstrate and why those facts will assist in proving the elements of his claim.

**CONCLUSION**

As set forth above, Plaintiff's motion for a continuance is provisionally GRANTED, pending Plaintiff's compliance with this order. Plaintiff shall file a supplemental declaration including the required information on or before **September 16, 2011.** Any response by Defendants shall be filed on or before **September 26, 2011.** If Plaintiff fails to file a timely supplemental declaration, then the motion for summary judgment will be deemed submitted, and the Court will rule on the motion based on the papers that have already been filed.

**IT IS SO ORDERED.**

Dated: 08/16/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

4