IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY EARL GREEN,

          Plaintiff,

v.

CHARLES D. LEE, et al.,

          Defendants.

NO. C08-2729 TEH

<u>ORDER GRANTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT</u>

This matter comes before the Court on Defendants' motion for summary judgment. On August 16, 2011, the Court provisionally granted Plaintiff's request for a continuance and ordered that a supplemental declaration in support of his request be filed by September 16, 2011. Plaintiff did not file a supplemental declaration, and, pursuant to the August 16, 2011 order, the matter was deemed submitted based on the papers already filed. After careful consideration of the parties' arguments, the Court now GRANTS Defendants' motion for the reasons set forth below.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Anthony Green, who was released on parole in February 2011, alleges under 42 U.S.C. § 1983 that various officials were deliberately indifferent to his serious medical needs while he was an inmate at Salinas Valley State Prison ("SVSP"). Plaintiff was diagnosed with carpal tunnel syndrome ("CTS") in 2004 while an inmate at Centinela State Prison. He was subsequently transferred to SVSP and referred to an outside physician at Natividad Medical Center ("NMC") for electromyography and a nerve conduction study. These tests were completed in December 2006, and the NMC physician recommended medication, wrist splints, physical therapy, and possible surgery.

In January 2007, Plaintiff began seeing various medical personnel for physical therapy at SVSP in connection with his CTS. He received wrist supports, but he contends these were ineffective. In July 2007, he was referred again to NMC, where he underwent another round of testing in September 2007. The NMC physician recommended surgical evaluation and continued use of wrist braces.

Upon his return to SVSP, Plaintiff was referred by one of the staff physicians, Dr. Bowman, for a surgical consult. On a follow-up visit to Defendant Richard Mack, M.D., five days later, Plaintiff complained that a correctional officer had removed the plastic inserts in his wrist braces. Plaintiff subsequently filed an inmate appeal, which was decided initially by Defendant Lance Turner, R.N. During the pendency of his appeal, Plaintiff was seen multiple times for his CTS and other health concerns by Defendants Mack and Deborah Tyler, N.P. These practitioners requested wrist braces with inserts for Plaintiff and completed a referral for orthotics. On December 26, 2007, Tyler also re-submitted Plaintiff's referral for surgery after being unable to verify that the September referral remained pending in the system.

Before Plaintiff received any orthotics or obtained a surgery appointment, he was transferred to California State Prison-Corcoran in January 2008 to serve an 11-month term in a security housing unit there. Plaintiff contends that Defendant Charles Lee, M.D., the health care manager at SVSP, should have prevented this transfer based on his need for CTS treatment. Plaintiff eventually received surgery in late 2008 on his right wrist and early 2009 on his left wrist.

Plaintiff claims that Defendants Lee, Mack, Tyler, and Turner all violated his Eighth Amendment rights by being deliberately indifferent to his CTS-related medical needs. Defendants' summary judgment motion is now before the Court.

**LEGAL STANDARD**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

2

56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* The court may not weigh the evidence and must view the evidence in the light most favorable to the nonmoving party. *Id.* at 255.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings or materials in the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it "must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). However, on an issue for which its opponent will have the burden of proof at trial, the moving party can prevail merely by "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial to defeat the motion. *Anderson*, 477 U.S. at 250.

**DISCUSSION**

The Eighth Amendment prohibits deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A "serious medical need" exists if "the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting *Estelle*, 429 U.S. at 104), *overruled in part on other grounds by WMX Techs., Inc. v Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

A prison official is "deliberately indifferent" if he or she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Prison officials violate

3

their constitutional obligation only by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05. Medical malpractice or negligence does not establish deliberate indifference, nor does a difference of opinion as to which medically acceptable course of treatment should be followed. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). When a plaintiff contends that doctors should have chosen a different course of action, he or she "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances," as well as showing that the doctors "chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citations omitted).

In this case, Plaintiff has failed to raise a triable issue of fact that any Defendant acted with deliberate indifference to his medical needs. First, Plaintiff has presented no evidence that vitamins are part of the standard of care for treating CTS, or that failure to provide vitamins would be medically unacceptable. *See* Orr Decl. ¶ 25 (stating that "neither Vitamin B6 nor other vitamins are required by the standard of care for CTS treatment"). Thus, Plaintiff's claim as to vitamins cannot survive summary judgment. Similarly, Plaintiff has not presented evidence to create a triable issue that failure to provide Ace wraps was medically unacceptable under the circumstances. *See id.* ("Ace wraps were not medically indicated. The additional support they would have afforded would have been so comparatively insignificant as to be, in my opinion, of no discernable therapeutic effect. Not providing them . . . caused no harm. . . .").

The evidence also fails to raise a triable issue that Defendants were deliberately indifferent for failure to provide effective wrist braces more timely. Plaintiff's medical records demonstrate that Defendants did not disregard Plaintiff's medical needs and, to the contrary, made multiple attempts to secure appropriate braces. For example, Defendant Mack examined Plaintiff on September 18, 2007, at which time Plaintiff complained that a correctional officer had removed the plastic inserts from his wrist braces. Ex. A to Orr Decl. at 17. Mack noted that Plaintiff did not appear to be in any apparent distress and suggested that Plaintiff be referred for surgery, which he noted had already been done a few days earlier

4

by another doctor. *Id.* Mack saw Plaintiff again on September 25, 2007, and followed up by preparing a chrono to request that Plaintiff be allowed to have plastic inserts for his wrist splints as a medical accommodation. *Id.* at 18-19. That chrono was approved on October 2, 2007. *Id.* at 19. On October 17, 2007, Defendant Turner partially granted Plaintiff's medical appeal at the informal level, writing that "an appropriate safe alternate brace will be procured for [Plaintiff's] use." *Id.* at 33. Defendant Tyler examined Plaintiff on November 2, 2007, and completed a request for services for functional orthotics, noting that Plaintiff's existing wrist brace had not been effective. *Id.* at 21-22. The request was approved three days later. *Id.* at 22. Plaintiff pursued his appeal to the formal level, and Turner noted on November 15, 2007, that a follow-up appointment would be made "regarding use of proper brace." *Id.* at 34. That appointment occurred on November 20, when Tyler saw Plaintiff, noted that the orthotics request was pending, and submitted another chrono, which was approved the following day, requesting wrist splits and other accommodations. *Id.* at 23-25. Tyler made similar notations and submitted another chrono after seeing Plaintiff on December 26, 2007. *Id.* at 29-31. Tyler further noted that she was unable to confirm that the referral to surgery was still pending, so she re-submitted the request. *Id.* at 29, 31. These actions by Defendants do not reflect conscious disregard of Plaintiff's medical needs, and Plaintiff has submitted no contrary evidence.

Plaintiff's claim that Defendant Lee should not have allowed Plaintiff's transfer to another prison also fails because Plaintiff has not offered any admissible evidence to rebut Lee's declaration that he had not been advised of Plaintiff's transfer and that, according to his custom and practice, he would have "placed a medical hold, postponing the transfer" if he "had been advised regarding Mr. Green's transfer *and* had found that such transfer would be to his detriment." Lee Decl. ¶ 14 (emphasis added). While Plaintiff might argue that Lee should have known of the transfer, that raises negligence concerns that would not give rise to a claim for deliberate indifference. Moreover, Plaintiff has presented no evidence to create a triable issue as to whether surgery was an urgent priority, nor is there any evidence that any Defendant was responsible for scheduling appointments once referrals had been made. Thus,

5

1  Plaintiff has failed to present evidence sufficient to create a material dispute that allowing a
2  routine surgery referral to proceed was medically unacceptable under the circumstances, that
3  Lee consciously disregarded an excessive risk to Plaintiff's health when he failed to block his
4  transfer to another prison, or that any Defendant did so by failing to accelerate the scheduling
5  of an appointment based on Plaintiff's routine referral to surgery.

## CONCLUSION

In short, Plaintiff's belief that he should have received different treatment for his CTS is insufficient to create a triable issue of fact on whether Defendants acted with deliberate indifference to Plaintiff's medical needs, and Plaintiff has presented insufficient evidence for his claim to survive summary judgment. Accordingly, with good cause appearing, Defendants' motion for summary judgment is GRANTED. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: 03/29/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT